1
2
3
4

# JS-6

5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11   CD ASSET COMPANY LLC,

12                          Plaintiff,

13          v.

14   WENDY GARCIA; MARIO GARCIA;
15   MORGAN GARCIA; BRYANA SAPP;
16   DOES 1 TO 10,

17                          Defendants.

Case No. 2:22-cv-06888-SPG-RAO

**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [ECF No. 19]**

18

19          Before the Court is CD Asset Company LLC's ("Plaintiff") *ex parte* application to
20   remand case to Los Angeles Superior Court.  (ECF No. 19 ("Mot.")).  Having considered
21   the parties' submissions, the relevant law, and the record in this case, the Court finds
22   pursuant to Federal Rule of Civil Procedure 78(b) and Central District of California Local
23   Rule 7-15 that the matter is suitable for resolution without oral argument.  The Motion has
24   been taken under submission and, for reasons stated below, the Court DENIES the Motion.
25   Nevertheless, the Court, by its own accord, dismisses the case for lack of subject matter
26   jurisdiction.

27
28

Case 2:22-cv-06888-SPG-RAO   Document 25   Filed 01/12/23   Page 2 of 4   Page ID #:92

## I.    BACKGROUND

Plaintiff is a California limited liability company, duly organized and existing under the laws of the state of California. (Mot. ¶ 5). Wendy Garcia, Mario Garcia, Morgan Garcia, and Bryan Sapp (collectively, "Defendants") are residents of the County of Los Angeles. (*Id.* ¶ 6). On August 9, 2022, Plaintiff commenced suit in the Los Angeles Superior Court against Defendants. (ECF No. 1 at 7 ("Compl.")). The only cause of action asserted was for unlawful detainer under California law. (*Id.*). On September 23, 2022, Defendants removed the case from the Los Angeles Superior Court on the basis of federal question jurisdiction. *See* (*id.* at 2). Defendants specifically argue that "[f]ederal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 2). On December 8, 2022, Plaintiff filed the instant Motion. Plaintiff argues that neither diversity jurisdiction nor federal question jurisdiction exists to justify the exercise of jurisdiction by this Court. *See* (Mot. at 3). Plaintiff, however, fails to explain why *ex parte* relief is necessary. *See* (*id.*). Defendants have not filed an opposition.

## II.   DISCUSSION

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Clark v. Time Warner Cable*, No. CV 07 1797 VBF (RCX), 2007 WL 1334965, *1 (C.D. Cal. 2007) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). To justify *ex parte* relief, (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co.*, 883 F. Supp. at 492; *see also Santos v. TWC Admin. LLC*, CV-13-047999-MMM (CWx), 2014 WL 12703021, *1 (C.D. Cal. 2014) ("An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances."). Here, Plaintiff's Motion fails to address either

-2-

of these requirements. *See* (Mot.). For this reason, the Court finds ex parte relief to be inappropriate and thus, denies the Motion.

Nevertheless, a court may dismiss a case for lack of subject matter jurisdiction on its own accord. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). "Upon the filing of a petition for removal, the court must analyze the complaint to determine if either federal question or diversity jurisdiction could be invoked. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). "[F]ederal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

Here, Plaintiff's complaint does not state a cause of action under federal law; rather, as previously discussed, Plaintiff only asserts a cause of action for unlawful detainer under California law. *See* (Compl. at 10). The assertion of a cause of action for unlawful detainer under California law, without more, is insufficient for federal question jurisdiction. *See Wells Fargo Bank, N.A. v. Preciado*, Case No.: 19-cv-00361-AJB-LL, 2019 U.S. Dist. LEXIS 77262, at *2 (S.D. Cal. May 6, 2019) ("Here, there is no federal question jurisdiction because the unlawful detainer complaint invokes California law." (citations omitted)); *Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint." (citations omitted)); *Sage Home Mortg., LLC v. Roohan*, No.: 17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at *4-*5 (S.D. Cal.

July 27, 2017) (holding federal jurisdiction does not exist when a complaint alleges a single claim for unlawful detainer which is a California state law cause of action).

Defendants appear to argue that the Court may nonetheless exercise federal question jurisdiction over the case based on their answer to the Plaintiff's complaint. *See* (ECF No. 1 at 2) ("Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law.")).  The Court disagrees.  A defendant's answer cannot confer federal question jurisdiction. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (explaining federal jurisdiction can neither be "predicated on an actual or anticipated defense" nor "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Eugene St. Amant v. Turner*, 2:22-cv-02457-SB-E, 2022 U.S. Dist. LEXIS 69504, at *2 (C.D. Cal. Apr. 12, 2022); *Hancock v. Mosley*, No. 2:16-cv-02635-TLN-DB, 2016 U.S. Dist. LEXIS 155733, at *3 (E.D. Cal. Nov. 8, 2016) (citation omitted).  Therefore, the Court finds a lack of subject matter jurisdiction over the present matter.

## III.   CONCLUSION

For the following reason, the Court DENIES Plaintiff's Motion.  Nonetheless, the Court, by its own accord, dismisses the case for lack of subject matter jurisdiction.  The Court hereby REMANDS this action to the Los Angeles Superior Court.

**IT IS SO ORDERED,**

Dated:   January 12, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-4-